PER CURIAM.
This proceeding is before the Court on the petition of The Florida Bar seeking review of the referee’s report which recommended that R. Douglas MacPherson be suspended from the practice of law for six months plus the time necessary to reimburse his clients and satisfy all incurred costs. The Bar seeks the increased penalty of disbarment. We have jurisdiction[1] and approve the referee’s report.
MacPherson abandoned his law practice and, in doing so, failed to provide represen *1157 tation for his active clients and failed to return files and money to numerous clients. The referee found MacPherson guilty of numerous violations of the Florida Bar Code of Professional Responsibility,[2] including ten violations of Disciplinary Rule 1-102(A)(6) (engaging in conduct adversely reflecting on one’s fitness to practice law), eleven violations of Disciplinary Rule 6-101(A)(3) (neglect of a legal matter), and two violations of Disciplinary Rule 7-101(A)(2) (intentionally failing to carry out an employment contract).
The referee recommended a six-month suspension. The Florida Bar contends that the mitigating circumstances taken into account by the referee were not appropriate to reduce the penalty under the facts of this case. Although MacPherson was found guilty of numerous violations, the referee found sufficient mitigating factors supporting suspension rather than disbarment. He stated the mitigating factors in his report as follows:
Absence of a prior disciplinary record, alleged absence of a dishonest or selfish motive, alleged personal and emotional problems, and alleged remorse as to most of the offenses. The referee finds much of the respondent’s conduct traceable to his discharge from a salaried position (for reasons unrelated to these charges, immaterial and irrelevant thereto) at a time when he was stretched to the limit financially and entered into the private practice of law without adequate capitalization. If there is anything worthy of faint praise in his conduct, it is that he did not invade trust money and that the number of clients to whom he was derelict in his duties was relatively few compared with his overall caseload.
Most importantly, the referee found that MacPherson acted without any dishonest or selfish motives. This recommendation and finding of mitigating circumstances distinguishes this cause from The Florida Bar v. Mavrides, 442 So.2d 220 (Fla.1983), and The Florida Bar v. Montgomery, 412 So.2d 346 (Fla.1982).
We find the referee’s recommendation is reasonable under these circumstances. Accordingly, we approve the referee’s report and suspend MacPherson from the practice of law for six months, commencing upon the conclusion of a prior suspension resulting from the nonpayment of Bar dues, and thereafter until such time as he demonstrates rehabilitation. As part of his rehabilitation, MacPherson must show that he has completely reimbursed his clients and paid the costs of this proceeding. Upon reinstatement, MacPherson shall be placed on probation for one year under the supervision of a grievance committee member in the circuit in which he resides, with quarterly status reports of his caseload made to that member. Finally, if the suspension period exceeds three years, MacPherson shall be required to successfully complete The Florida Bar Examination. Judgment for costs in the amount of $7,624.41 is entered against MacPherson, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.

. Art. V, § 15, Fla. Const.

. The Florida Bar Code of Professional Responsibility was in effect until January 1, 1987.